UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID REYES, | No. 2:12-cv-2391 LKK KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WILLIAM KNIPP, | |
| Respondent. | |

I. Introduction

  Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the June 8, 2011 prison disciplinary he sustained for possession of an inmate-manufactured syringe. Petitioner claims that the hearing officer was not qualified to serve as a hearing officer; petitioner was denied the right to witnesses in violation of his due process rights; and that factual statements in the rules violation report concerning his prior drug-related prison disciplinary history were untrue. After careful review of the record, this court concludes that the petition should be denied.

II. Background

  Petitioner is serving a sentence of fifteen years to life for second degree murder. (ECF No. 12-1.)

////

On April 29, 2011, a correctional officer conducted a random clothed body search of petitioner and discovered an inmate-manufactured syringe inside the right pocket of petitioner's jacket. (ECF No. 1 at 11.) Petitioner was issued a rules violation report for possession of the syringe, and on June 8, 2011, petitioner was found guilty of the prison disciplinary rules violation, and assessed a 120 day loss of credits, 90 days loss of yard and phone privileges, and a 90 day loss of visiting, with a non-contact visiting restriction imposed for 90 days thereafter. (ECF No. 1 at 12.) Petitioner was also required to undergo mandatory random drug testing.

On January 25, 2012, petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court, challenging the June 8, 2011 prison disciplinary. (ECF No. 12-2.) On January 27, 2012, the Amador County Superior Court denied the petition. (ECF No. 12-4.)

On March 2, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, challenging the June 8, 2011 prison disciplinary. (ECF No. 12-5.) The Court of Appeal denied the petition without comment on March 19, 2012. (ECF No. 12-7 at 2.)

On May 15, 2012, petitioner filed a petition in the California Supreme Court. (ECF No. 12-7 at 4.) The California Supreme Court denied the petition without comment on August 15, 2012. (ECF No. 12-7 at 46.)

Petitioner filed the instant petition on September 19, 2012. (ECF No. 1.)

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003). Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication

of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citation omitted).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 413 (2000). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be overcome by a showing

that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted." Johnson v. Williams, 133 S. Ct. 1088, 1096 (Feb. 20, 2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of the claim. Johnson, 133 S. Ct. at 1097.

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

IV. Analysis

As set forth above, petitioner claims that the hearing officer was not qualified to serve as a hearing officer; petitioner was denied the right to witnesses in violation of his due process rights; and that factual statements in the rules violation report concerning his prior drug-related prison disciplinary history were untrue. Respondent contends that petitioner's due process rights were not violated, and that the state court's rejection of petitioner's claims was not contrary to, nor an unreasonable application of, clearly established Supreme Court law, or based on an unreasonable interpretation of the facts.

////

The last reasoned state court opinion is the January 27, 2012 order from the Amador County Superior Court. (ECF No. 12-4.) The superior court set forth the applicable prison regulations, as well as controlling United States Supreme Court authority governing procedural due process claims in the context of challenges to prison disciplinary hearings. (ECF No. 12-4 at 3.) The superior court noted that the standards for judicial review of disciplinary actions on habeas corpus set forth in Superintendent v. Hill, 472 U.S. 445, 455 (1985), are also followed in California, citing In re Estrada, 47 Cal.App.4th 1688, 1694 (1996). (ECF No. 12-4 at 4.) The superior court denied petitioner's claims as set forth, in pertinent part:

> It is clear from the record before the Court, Petitioner was afforded the Estrada procedural requirements in his disciplinary proceedings. In this case, Petitioner's due process rights were not violated. He had several opportunities to present a defense and call witnesses. Written statements were provided to him at each stage. Witnesses appeared and testified, and Petitioner had the chance to question the witnesses. The reports of the staff that investigated the matter provided a sufficient factual basis for the hearing officers to determine Petitioner was guilty of the violations alleged against him. Petitioner was afforded the full panoply of due process rights under the CCR.
>
> As a general rule, courts are reluctant to interfere with the discipline and control prison authorities exercise over their inmates. (*In re Gatts* (1978) 79 Cal.App.3d 1023, 1027.) Because of the importance of prison officials maintaining security within the prison, a court must carefully examine allegations by a prisoner that the prison administration acted in an arbitrary or capricious manner. (*Id.*) The documents submitted with the petition establish the constitutional due process requirements were satisfied. The decisions of the hearing officers are supported by a sufficient quantum of evidence that Petitioner committed a violation of the rules.
>
> Accordingly, the Petition is denied.

In re David Reyes, Petitioner, On Habeas Corpus, Case No. 12-HC-1476. (ECF No. 12-4 at 4-5.)

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Hill, 472 U.S. at 455-56; United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). Thus, a prisoner's due process rights are moderated by the

"legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Hill, 472 U.S. 445, 454-55 (1984). An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. See Wolff, 418 U.S. at 563. In the disciplinary hearing context, an inmate does not have a right to counsel, retained or appointed, although illiterate inmates are entitled to assistance. Id. at 570.

An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566; see also Ponte v. Real, 471 U.S. 491, 495 (1985) (same). However, as a general rule, inmates "have no constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary hearings. Ponte, 471 U.S. at 510 (Marshall, J., dissenting). See also Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976) (same). The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial" to satisfy the Due Process Clause. Wolff, 418 U.S. at 571-72.

The decision rendered on a disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455. A finding of guilt on a prison disciplinary charge cannot be "without support" or "arbitrary." Id. at 457. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Hill, 472 U.S. at 455-56, and Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)). Determining whether this standard is satisfied in a particular case does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. Hill, 472 U.S. at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. Toussaint, 801 F.2d at 1105.

////

6

A.  Right to Call Witnesses

Here, petitioner claims he was denied his right to call witnesses. As set forth above, the superior court stated that petitioner "had several opportunities to . . . call witnesses . . . Witnesses appeared and testified, and Petitioner had the chance to question the witnesses. " (ECF No. 12-4 at 4.) Contrary to the state court's finding, the record reflects that petitioner requested that inmates McCoy and Mendoza be called as witnesses, but the hearing officer denied their appearance. Indeed, it appears that no witnesses appeared at the hearing, but that the hearing officer relied on the written rules violation report authored by Correctional Officer Pogue. (ECF No. 1 at 11.) Thus, the state court's statement of the facts was not correct. "Where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable." Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004) .

However, the right to call witnesses at a disciplinary hearing is not absolute. Wolff gives prison officials flexibility to keep the hearing within reasonable limits and allows them to refuse to call witnesses when doing so would risk reprisal or undermine authority, or when the evidence would be irrelevant, unnecessary, or hazardous. Wolff, 418 U.S. at 566. "[T]he right to call witnesses [is] a limited one, available to the inmate 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'" Ponte, 471 U.S. at 499 (quoting Wolff, 418 U.S. at 566); see also Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.") Given these limitations, the Supreme Court has observed that a constitutional challenge to a prison official's refusal to allow an inmate to call witnesses may "rarely, if ever, be successful." Ponte, 471 U.S. at 499. Nevertheless, when prison officials refuse to call witnesses requested by a prisoner at a disciplinary hearing, they must explain their reasons, either as part of the administrative record or by later testimony in court. Id. at 497.

In the instant case, the hearing officer denied petitioner's witnesses because the witnesses were prepared to testify that petitioner was just passing the syringe for someone, which the

7

hearing officer stated had no bearing on whether or not petitioner was in possession of the syringe. (ECF No. 1 at 10.) Importantly, during the hearing, petitioner conceded he possessed the syringe: "I was coming from chow. A guy from three block gave me a container, a metal container, and asked me to give the container to another cell. I didn't know there was a syringe inside. So I am guilty because I didn't know there was a syringe." (ECF No. 1 at 10.) Thus, petitioner's witnesses had no relevant evidence to offer in defense to the charge of possession. Moreover, petitioner did not have a right to question Officer Pogue regarding his description of the incident in the rules violation report. See Baxter, 425 U.S. at 322 (there is no constitutional right to confront or cross-examine witnesses in a disciplinary proceeding). Under these circumstances, the hearing officer's decision not to call petitioner's witnesses did not violate petitioner's rights under Wolff. But even assuming, arguendo, that the failure to call petitioner's witnesses was error, the error was harmless. Graves v. Knowles, 231 Fed. Appx. 670, 672 (9th Cir. 2007) (hearing officer's refusal to call witnesses at disciplinary hearing did not violate due process when their testimony was either irrelevant or would not have supported the inmate's defense; moreover, given the evidence against inmate, any error in calling witness was harmless); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003) (failure to call reporting officer as witness at disciplinary hearing was harmless when inmate did not indicate what the officer's testimony would have been or how it would have aided his defense, and inmate had no constitutional right to cross-examine the officer regarding the basis for his report). Therefore, because the proposed witness testimony was not relevant to the issue of possession, any error in refusing to call them as witnesses was harmless.

In addition, there was "some evidence" supporting the hearing officer's decision that petitioner possessed the syringe. Correctional Officer A. Pogue, who observed the incident, authored a rules violation report stating that he removed the syringe from petitioner's jacket pocket during a random clothed body search. (ECF No. 1 at 14.) Although petitioner testified that he was given the metal box from an unknown inmate to deliver to another unknown inmate, and claimed he was unaware that there was a syringe in the box, petitioner conceded that he was in possession of the syringe. Thus, Officer Pogue's eyewitness testimony, as well as petitioner's

admission, were sufficient evidence that petitioner possessed the syringe. Accordingly, the state court's decision that there was a "sufficient quantum of evidence" to support the guilty finding was not unreasonable.

### B. Hearing Officer

Petitioner claims that Lt. Kudlata was not certified by the Chief Disciplinary Officer or his designee to serve as a senior hearing officer or hearing officer for disciplinary hearings as required by Cal. Code Regs. tit. 15, § 3310(d), was not provided the appropriate training, and did not serve a probationary period to be certified as experienced. (ECF No. 1 at 5.) Petitioner claims he has a due process right to have an experienced correctional lieutenant, who is also certified, to conduct the disciplinary hearing, citing Cal. Code Regs. tit. 15, §§ 3310(d), 3310(d) and 3315(c). (ECF No. 1 at 5.)

Respondent denies that the senior hearing officer was not authorized to conduct petitioner's prison disciplinary hearing under state law, but argues that this claim is not amenable to federal habeas review because "federal habeas relief does not lie for errors of state law." ECF No. 12 at 4, quoting Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) (per curiam).

The state court did not address this claim in a reasoned opinion.

Petitioner's claim that the hearing officer was not authorized to conduct the hearing based on specific prison regulations is not cognizable because habeas relief does not lie for violations of state law. Rather, due process only requires that the hearing officer be "sufficiently impartial." Wolff, 418 U.S. at 571. Here, the record reflects that Lt. Kudlata, as senior hearing officer, presided over the hearing, found petitioner guilty, and imposed sanctions. (ECF 1 at 8-14.) However, Lt. Kudlata was not the incident reporting officer; he did not witness the incident, and it does not appear that he played a role in preparing the case for the hearing. Petitioner does not argue, and presented no evidence, that the hearing officer was biased or not impartial, and review of the hearing transcript reveals no such bias. Thus, petitioner's claim that the hearing officer was not authorized to conduct the hearing is unavailing and should be denied.

////

////

        C.  Prior Disciplinary History

Finally, petitioner claims that factual statements in the rules violation report concerning his prior drug-related prison disciplinary history were untrue.  Petitioner contends that he should not have been ordered to undergo mandatory drug testing based on the alleged finding that he was previously found guilty of possession of a controlled medication because the charge for possession of a controlled medication was dropped.  (ECF No. 1 at 4-5.)  Respondent denies that the hearing officer relied on petitioner's past disciplinary history to find petitioner guilty; rather, the rules violation report reflects that the information was only considered for purposes of assessing the disciplinary sanctions.  (ECF No. 12 at 4.)

Review of the rules violation report confirms that the hearing officer first found petitioner guilty, then reviewed petitioner's disciplinary history in assessing the discipline to be imposed.  (ECF No. 1 at 12.)  To the extent petitioner challenges the discipline imposed, such a claim does not sound in habeas because being subjected to mandatory drug testing only affects the conditions of petitioner's confinement, not the fact or duration of his confinement.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").  Because the court does not have jurisdiction over petitioner's challenge to the imposition of mandatory drug testing, this claim should be dismissed without prejudice.

V.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's claim that challenges the imposition of mandatory drug testing be dismissed without prejudice; and

2.  Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 18, 2013

/reye2391.157

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE